IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL STEWART-FLEMING,<br><br>            Petitioner,<br><br>    v.<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, COUNTY OF SANTA CLARA,<br><br>            Respondent. | No. C 15-01252 EJD (PR)<br><br>ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY |

Petitioner has filed a pro se petition for a writ of habeas corpus. Because Petitioner is a pretrial detainee and not in custody pursuant to the judgment of a state court, the Court construes the petition as being brought under 28 U.S.C. § 2241. Petitioner has paid the filing fee.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus from a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that

Order of Dismissal; Deny COA
P:\PRO-SE\EJD\HC.15\01252Stewart-Fleming_dismiss Younger.wpd

the applicant or person detained is not entitled thereto." Id. § 2243.

B. Legal Claims

According to the petition, Petitioner was taken into custody by the San Jose Police Department on January 26, 2015, pursuant to a June 2014 Ramey warrant which alleged that Petitioner committed five counts of robbery in the second degree, and that Petitioner was armed with a handgun during the commission of these robberies. (Docket No. 1 at 3 and 20–26.) Petitioner alleges that his custody violates his due process rights under the Fourteenth Amendment because he was not formally charged within 48 hours of being arrested pursuant to a Ramey warrant; because his public defender was not providing effective assistance of counsel; and because his public defender is conspiring with the prosecutor to convict him. (*Id.* at 3–5.) Petitioner also alleges that his custody is in violation of the Fourth Amendment because the warrant was not based upon probable cause. (*Id.* at 6–7.) Petitioner seeks immediate release from custody and that all criminal charges be dropped.

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 43–54 (1971). Younger abstention is required when (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Abstention is appropriate here because all of the elements of Younger are present. As to the first Younger element, it appears that Petitioner's state court proceedings are ongoing since Petitioner is seeking release from custody and that charges against him be dropped. As to the second Younger element, the Supreme Court has held that "a proper respect for state functions," such as ongoing criminal trial proceedings, is an important issue of state interest. See

Preiser v. Rodriguez, 411 U.S. 475, 491–92 (1973) (quoting Younger, 401 U.S. at 44). As to the third prong of Younger, the Court finds no reason that Petitioner cannot pursue his constitutional claims in state court. Thus, Younger abstention is applicable here. In applying Younger, the Ninth Circuit has held that Younger abstention is only appropriate where the federal court action would have the same practical effect on the state proceeding as a formal injunction. Gilbertson v. Albright, 381 F.3d 965, 977–78 (9th Cir. 2004). Here, the relief sought by Petitioner — release from custody and dismissal of all pending criminal charges against him — would have the practical effect of enjoining the state court proceedings.

Finally, although Younger abstention does not apply in cases where extraordinary circumstances threaten great, immediate and irreparable injury, see Younger, 401 U.S. at 45–46, 53–54 (irreparable injury shown where statute flagrantly and patently violative of express constitutional prohibitions); Perez v. Ledesma, 401 U.S. 82, 85 (1971) (federal injunctive relief in pending state prosecutions proper in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction), Petitioner fails to demonstrate that this is such a case. Plaintiff has not proven harassment or made a showing that the prosecution was undertaken by state officials in bad faith without hope of obtaining a valid conviction. Although Plaintiff alleges that he is physically incapable of committing the charged crimes because he is a parapalegic, he acknowledges that the prosecution and police have alleged that his fingerprints tie him to the alleged crimes.

Accordingly, this Court will abstain and DISMISS the petition without prejudice. Petitioner's alleged constitutional violations are matters that can and should be addressed in the first instance by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas corpus.

Petitioner is advised that he should not file a new federal petition for a writ of

habeas corpus unless and until he gets convicted, and then not until his direct appeal and state habeas proceedings have concluded and he has given the state's high court a fair opportunity to rule on each of his claims.

## CONCLUSION

For the foregoing reasons, the instant petition is DISMISSED without prejudice to Petitioner's returning to federal court after the conclusion of state proceedings and exhausting his state court remedies.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

DATED: 6/1/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL STEWART-FLEMING,

    Plaintiff,

    v.

PEOPLE OF THE STATE OF CALIFORNIA, et al.,

    Defendants.

Case No. 5:15-cv-01252-EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 6/2/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Michael Stewart-Fleming
    P.O. Box 1212
    Stockton, CA 95201

Dated: 6/2/2015

    Richard W. Wieking
    Clerk, United States District Court

By: /s/ Elizabeth C. Garcia
Elizabeth Garcia, Deputy Clerk to the
Honorable EDWARD J. DAVILA